**Josue MOISES–BARILLA, aka Josue Moises Barilla Penate, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–72521.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed May 6, 2008.

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Stephen E. Abrams, Perkins Coie, LLP, Denver, CO, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Michelle Gorden Latour, Esq., U.S. Department of Justice, Civil Division, Washington, D.C., for Respondent.

R.App. P. 34(a)(2).

Before: GRABER, FISHER, and BERZON, Circuit Judges.

### MEMORANDUM **

Josue Moises–Barilla, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order vacating an immigration judge's decision granting his application for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the BIA's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We grant the petition.

Substantial evidence does not support the BIA's denial of withholding of removal. Moises–Barilla's exposure of the involvement of local police in drug trafficking and in the murder of his cousin was an expression of political opinion that motivated the police to retaliate against him. *See Fedunyak v. Gonzales*, 477 F.3d 1126, 1129–30 (9th Cir.2007). The fact that the officers retaliated against Moises–Barilla for personal as well as political reasons does not defeat his claim, as the government contends. *See id.* (finding persecution on account of a political opinion where persecutors had mixed motives for their actions). The record compels the conclusion that country conditions have not changed to the extent that Moises–Barilla no longer faces a clear probability of future persecution or

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

could safely relocate within El Salvador. *See Ruano v. Ashcroft,* 301 F.3d 1155, 1161–62 (9th Cir.2002). Moises–Barilla is therefore entitled to withholding of removal. *See Fedunyak,* 477 F.3d at 1129–31.

Moises–Barilla is entitled to relief under CAT because the record compels the conclusion that upon return to El Salvador it is more likely than not that he will be tortured or killed by the police, who are still active in drug trafficking and have shown an ongoing interest in him. *See Muradin v. Gonzales,* 494 F.3d 1208, 1211 (9th Cir.2007).

We grant the petition for review and remand for further proceedings consistent with this disposition. *Fedunyak,* 477 F.3d at 1130–31.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.